IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ARNETTE TAYLOR, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) 1:23CV408 |
| TITLEMAX OF VIRGINIA, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Defendants TitleMax of Virginia, Inc., TitleMax of South Carolina, Inc., and TMX Finance, LLC. (collectively, "Defendants") Motion to Stay. (ECF No. 55.) For the reasons stated herein, Defendants' motion will be denied as moot.

**I.  BACKGROUND**

On May 18, 2023, Plaintiffs filed their Complaint with this Court. (*See* ECF No. 10.) Plaintiffs in this action allege that Defendants charged interest rates on their car title loans that exceed the rate allowed by the North Carolina Consumer Finance Act, N.C. GEN. STAT. §§ 24-1.1, 53-164 to -191. (*Id.* ¶¶ 22, 28.) Plaintiffs also allege that Defendants failure to disclose that the loan was unlawful constitutes unfair and deceptive trade practices within the meaning of N.C. GEN. STAT. § 53-180(g) and N.C. GEN. STAT. § 75-1.1. (*Id.* ¶ 41.)

On September 1, 2023, Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction. (ECF No. 23.) While the motions in this case were ongoing, Defendants were engaged in related matters containing identical claims for relief. Those three matters are:

*Moreno v. TitleMax of Virginia, Inc.*, Case No. 1:23-cv-589; *Johnson v. TitleMax of Viginia, Inc.*, Case No. 1:23-cv-807; *and McClendon v. TitleMax of Viginia, Inc.*, Case No. 1:23-cv-865. (ECF No. 56 at 1.)

Defendants also filed Motions to Dismiss for Lack of Personal Jurisdiction in those matters, making similar arguments as their motion to dismiss in the instant case. *Compare* (ECF No. 24 at 6–16), *with Moreno v. TitleMax of Viginia, Inc.*, 735 F.Supp.3d 645, 655–60 (M.D.N.C. May 31, 2024). All three motions to dismiss were denied in those cases. *Moreno*, 735 F.Supp.3d at 660. Subsequently, Defendants filed Motions for Reconsideration, or, in the Alternative, to Certify the Order for Interlocutory Appeal, which were also denied. *Moreno v. TitleMax of Virginia, Inc.*, 1:23-CV-589, 1:23-CV-807, 1:23-CV-865, 2024 WL 4187938, *6 (M.D.N.C. Sept. 13, 2024).

Defendants filed the instant Motion to Stay on July 5, 2024, during which the proceedings in the three related cases were still ongoing. (*See* ECF No. 55.) The Court will now address Defendants' motion.

## II. STANDARD OF REVIEW

This Court "has the inherent power to stay proceedings to achieve equity and to ensure the efficient management of its docket." *John & Jane Doe 2 v. Ortho-Clinical Diagnostics, Inc.*, 335 F.Supp.2d 614, 633 (M.D.N.C. Sept. 3, 2004) (citing *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983)); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the [cases] on its docket with economy of time and effort for itself, for counsel, and for litigants."). This power, however, is not unbounded. *Williford*, 715 F.2d at 127. Proper use of this authority requires the court to exercise its judgment "to balance the various factors

relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013) (quoting *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977)).

Courts have identified these various factors as: (1) "the interests of judicial economy"; (2) the "hardship and equity to the moving party" in the absence of a stay; and (3) the "potential prejudice to the non-moving party" in the event of a stay. *White v. Ally Fin. Inc.*, 969 F.Supp.2d 451, 462 (S.D.W. Va. Jan. 15, 2013) (internal quotation marks omitted) (citation omitted); *see, e.g., Landress v. Tier One Solar LLC*, 243 F.Supp.3d 633, 646 (M.D.N.C. Mar. 21, 2017).

The burden rests on the party seeking the stay to "justify it by clear and convincing circumstances outweighing potential harm" to the opposing party. *Williford*, 715 F.2d at 127; *see Landis,* 299 U.S. at 255 (explaining that "if there is even a fair possibility that the stay . . . will work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward").

### III. DISCUSSION

Defendants have requested a stay of proceedings in this case "pending resolution of Defendants Motions to Reconsider or Certify in the *Moreno*, *Johnson*, and *McClendon* cases." (ECF No. 56 at 2.) Additionally, if certification is granted, Defendants are requesting a stay "pending resolution of any subsequent appeal to the Fourth Circuit." (*Id.*)

At this point in the proceedings, the Motions to Reconsider or Certify for Interlocutory Appeal in the three related cases have each been denied. *See Moreno*, 2024 WL 4187938 at *6. This Court need not go into any further analysis, as the arguments Defendants raise as the

basis for their request to stay has been resolved. Therefore, Defendants' Motion to Stay is now moot.

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay, (ECF No. 55), is **DENIED**.

This, the 30th day of May 2025.

<u>/s/ Loretta C. Biggs</u>
Senior United States District Judge